UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-618-FDW

| | |
|---|---|
| QUINCY TEEYON KETTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DAVID AARON, Unit Manager, )<br>Lanesboro Corr. Inst.; )<br>SALLY TRIPPLET, Sergeant, )<br>Lanesboro Corr. Inst.; )<br>FNU MARTINEZ, Corrections )<br>Officer, Lanesboro Corr. Inst.; )<br>FNU BULLOCK, Nurse, Lanesboro )<br>Corr. Inst. )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court on its own motion.

Plaintiff is a prisoner of the State of North Carolina who was housed in the Lanesboro Correctional Institution when he filed a pro se complaint pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff alleges, among other things, that the defendants were deliberately indifferent to his serious medical needs and subjected him to excessive use of force. Plaintiff explains that he had exhausted his administrative remedies prior to filing the complaint and states that he had attached the grievance and the responses thereto by prison officials as Exhibit D to his complaint, however no such attachments were filed.[1] (3:14-cv-618, Doc. No. 1: Compl. ¶ 73).

The Clerk of Court entered an Order explaining that pursuant to 42 U.S.C. § 1997e, a

---

[1] In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

1

prisoner must exhaust all available administrative remedies prior to filing the complaint. Plaintiff was directed to submit proof that he had fully exhausted his administrative remedies and Plaintiff was warned that failure to do so within 20-days from entry of the Order would result in dismissal of his complaint. (Id., Doc. No. 4: Order). In response to this Order, Plaintiff filed a verified statement in which he declared that he had in fact exhausted his administrative remedies, and that he was attaching copies of the grievances to the verified statement in order to demonstrate exhaustion, but again, there are no such copies of grievances or responses thereto attached. (Id., Doc. No. 6: Verified Statement).

On June 1, 2015, out of an abundance of caution, this Court then entered an order giving Plaintiff yet another opportunity to submit the very documents that he had declared he had already submitted in both in his complaint and in his response to the Clerk's Order that were related to the exhaustion of his administrative remedies. Plaintiff was also provided the opportunity to provide a statement under oath which explained why he could not comply with the order. Plaintiff was provided up to and including June 15, 2015, in which to comply with this order. (Id., Doc. 6: Order). Furthermore, Plaintiff was warned that failure to comply with the order would result in dismissal of the complaint without further notice. However, to date, Plaintiff has failed to comply with this order even though given ample time to do so.

**IT IS, THEREFORE, ORDERED** that based on the foregoing, Plaintiff's complaint will be dismissed without prejudice for failure to comply with the Court's June 1, 2015 order. (Doc. No. 6).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 2, 2015

Frank D. Whitney
Chief United States District Judge