IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00618-FDW

| | |
|---|---|
| QUINCY TEEYON KETTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| DAVID AARON, Unit Manager, ) | |
| Lanesboro Corr. Inst.; ) | **ORDER** |
| SALLY TRIPPLET, Sergeant, ) | |
| Lanesboro Corr. Inst.; ) | |
| FNU MARTINEZ, Corrections ) | |
| Officer, Lanesboro Corr. Inst.; ) | |
| FNU BULLOCK, Nurse, Lanesboro ) | |
| Corr. Inst. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's motions to amend or correct his complaint and his motions for reconsideration and appointment of counsel. (Doc. Nos. 12, 13).

Plaintiff is a prisoner of the State of North Carolina who was housed in the Lanesboro Correctional Institution when he filed a pro se complaint pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff alleged, among other things, that the defendants were deliberately indifferent to his serious medical needs and subjected him to excessive use of force in February 2014. Plaintiff explains that he filed a grievance on February 27, 2014, and later exhausted his administrative remedies prior to filing the complaint, and he states that he attached the grievance and the responses provided by prison officials as "Exhibit D" to his complaint; however no such attachments were filed. The Court notes that Plaintiff verified under penalty of perjury that every

1

matter pled in the complaint was true.[1] (3:14-cv-618, Doc. No. 1: Compl. at 14 ¶ 73, 18).

The Clerk of Court entered an Order explaining that pursuant to 42 U.S.C. § 1997e(a),[2] a prisoner must exhaust all available administrative remedies prior to filing the complaint. Plaintiff was directed to submit proof that he had fully exhausted his administrative remedies and Plaintiff was warned that failure to do so within 20-days from entry of the Order would result in dismissal of his complaint. (Id., Doc. No. 4: Order). In response to this Order, Plaintiff filed a verified statement in which he declared that he had in fact exhausted his administrative remedies, and that he was attaching copies of the grievances to the verified statement in order to demonstrate exhaustion, but again, there were no such copies attached. (Id., Doc. No. 6: Verified Statement).

On June 1, 2015, out of an abundance of caution, this Court then entered an order giving Plaintiff yet another opportunity to submit the very documents that were related to the exhaustion of his administrative remedies which he swore he submitted in both his complaint and in his sworn response to the Clerk's Order. Plaintiff was also provided the opportunity to provide a statement under oath which explained why he could not comply with the order. Plaintiff was provided up to and including June 15, 2015, in which to comply with this order. (Id., Doc. 6: Order). Furthermore, Plaintiff was warned that failure to comply with the order would result in dismissal of the complaint without further notice. Plaintiff failed to comply with this order and his complaint was dismissed on that basis. (Id., Doc. No. 10: Order of dismissal).

In his motions to amend, Plaintiff contends that he mistakenly filed the copy of his grievance and the responses that pertained to the February 2014 incident in Case No. 3:14-cv-

---

[1] In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

[2] Prisoner Litigation Reform Act ("PLRA).

2

00619-FDW, and he states that he is resubmitting the copy of the grievance with the motions to amend, but he has again failed to do so and without explanation. (Id., Doc. No. 12 at 2 ¶ 3, 3 ¶ 9; Doc. No. 13 at 3 ¶ 3, 4 ¶ 9). The Court has examined Exhibit D in Plaintiff's other case and note that it includes documents that pertain to a grievance written about an incident that was alleged to have occurred in July 2014 and in no way involves the February 2014 incident. (3:14-cv-00619, Doc. No. 1 at 35-38).

The Court also notes that although Plaintiff was given 14 days to comply with the Order, he waited over three weeks after the deadline had passed to file his first motion for reconsideration and he offers no explanation for his failure to timely comply with the Order. In sum, Plaintiff has been ordered on three occasions to produce his grievances and responses – which are documents that contends he has already tendered to the Court – yet he failed to timely respond under oath why he could not produce the documents. Finally, in his motions to amend his complaint Plaintiff appears to admit that the complaint was deficient and that he should have the opportunity to cure the deficiency and he specifically references a deficient complaint that is dismissed for failure to comply with the PLRA. (3:14-cv-00618, Doc. No. 12 at 6 ¶ 2; Doc. No. 13 at 6 ¶ 2).

Based on the foregoing it appears that Plaintiff concedes that he failed to exhaust his administrative remedies thus his motions to amend his complaint will be denied at this time. It is well-settled that "a prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his administrative remedies during the course of litigation; exhaustion must occur before the filing of the lawsuit, or the case must be dismissed." Woodward v. Daugherty, 845 F. Supp. 2d 681, 684 (W.D.N.C. 2012) (citing Moore, supra at 725)).

However, because it is unclear whether Plaintiff is admitting that he did not exhaust his administrative remedies prior to filing the complaint, and instead seeks to cure that failure by filing

3

an amended complaint, the Court will provide Plaintiff with 14-days from entry of this Order to file a verified statement that is made under penalty of perjury stating whether he in fact exhausted his administrative remedies prior to filing his complaint.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall within 14-days from entry of this Order file a verified statement that is made under penalty of perjury that states whether he in fact exhausted his administrative remedies prior to filing his complaint. If Plaintiff avers that he has exhausted his administrative remedies, he is instructed to file a copy of the grievance related to the February 2014 allegations, and at least the Step-Three response.

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend, for reconsideration, and for appointment of counsel are **DENIED without prejudice**. (Doc. Nos. 12, 13).

**SO ORDERED.**

Signed: March 8, 2016

Frank D. Whitney
Chief United States District Judge